QUESTION: Are the complaint review boards provided for by s.112.532(2), F. S., quasi-judicial bodies possessing adjudicatory powers?
SUMMARY: Complaint review boards provided for by s. 112.532(2), F. S., are not, by the terms of Part VI of Ch. 112, F. S., made bodies possessing adjudicatory functions and powers. However, the governing body of a municipality may, under the authority of the Municipal Home Rule Powers Act (Ch. 166, F. S.), create such a board in conjunction with the complaint processing system mandated by s. 112.533 and grant it adjudicatory or quasi-judicial powers; or, in its discretion, it may limit the board to an advisory or recommendatory status. However no such legislative action by the municipality's governing body may contravene or repeal or modify any preexistent civil service law, charter act, or special law affecting the rights of municipal employees and which govern the municipal police. In either case, a municipality may not provide for any type of judicial review of the action of any such board or confer or require any appellate jurisdiction on or of any court, for such a power is reserved to the state, which has not by statute made a provision therefor. Your question as stated is answered in the negative. Section 112.532(2), F. S. (1974 Supp.), provides, inter alia, that "[a] complaint review board shall be composed of" and then simply numerates the composition of the board, the qualifications of the members thereof, and the manner of their selection. Nowhere in that section or in any other section of Part VI of Ch. 112, F. S., are there any provisions denoting or establishing any powers, duties, or functions for such complaint review board. Neither does the title to the enabling legislation, Ch. 74-274, Laws of Florida, throw any illumination on the legislative intent and purpose pertinent to this legislation. It is of interest that the courts have expressed their difficulty in ascertaining the powers and functions of the board and have complained of the vagueness of the statute. See Longo v. City of Hallandale, 42 Fla. Supp. 53, 59. Section112.533, F. S. (1974 Supp.), requires every agency employing law enforcement officers (see s. 112.531(2), F. S. (1974 Supp.), for definition of "employing agency") to establish and put into operation "a system for the receipt, investigation, and determination" of the various complaints received by such employing agency from any person. (Emphasis supplied.) The statute is silent as to just what type of system is required thereby and fails to specify any procedures that should be established to carry out this statutory responsibility. I have heretofore concluded in AGO 075-41 that a municipality has the authority under s. 166.021(1), F. S., to establish any system implementive of the purposes set forth in s. 112.533 (s. 3 of Ch. 74-274, supra) which does not conflict with the requirements of Part VI of Ch. 112, F. S., deprive the affected police officer of any rights provided employees by the municipality's charter, or violate the provisions of s. 286.011, F. S., the Government in the Sunshine Law. As I further concluded in AGO 075-41, the board provided for in s. 2(2) of Ch. 74-274, supra (s. 112.532(2), F. S.), is not intended to operate as a limitation on s. 3 (s. 112.533, F. S.) of the act requiring the creation of a system to handle complaints submitted. However, if such a board is created in connection with the complaints processing and investigative system requirement of s. 3 of the act, it must conform with the requirements and due process provisions of Ch. 74-274 (Part VI, Ch. 112, F. S.). Attorney General Opinion 075- 41. Since no quasi-judicial powers or duties are prescribed by statute for any such complaint review board, any such board that might be established in connection with s. 3 of the act is not, by the terms of Ch. 74-274, made an "adjudicatory board" or one vested with quasi-judicial powers, duties, or functions. However, a municipality, under the authority of the Municipal Home Rule Powers Act (Ch. 166, F. S.), can create such a board in conjunction with the complaint processing and investigative system mandated by s. 3 (s. 112.533, F. S.) of the act and prescribe its powers, duties, and functions so as to grant the board such quasijudicial powers necessary to give the findings and determinations of any such board the status of final adjudications, or, in its sound discretion, it may limit such board's findings to an advisory or recommendatory status. However, no such legislative action of the municipality's governing body may contravene or operate to repeal or modify any preexistent charter act, civil service law, or special law affecting any rights of municipal employees and which govern the municipal police. See AGO's 074-141 and 075-136. Regardless of the status granted the board by the legislative action of the governing body of the municipality under Ch. 166, F. S., the municipality may not prescribe any judicial review of the action of any such board or confer or require any appellate jurisdiction on or of any court, as this power is reserved to the state, which did not make any such provision therefor in Ch. 74-274, supra (Part VI, Ch. 112, F. S.).